UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
July 15, 2022
Nathan Ochsner, Clerk

Evan Domanic, §
§
Plaintiff, §
§
*versus* § Civil Action H-22-386
§
Christian Brothers §
Automotive Corp., §
§
Defendant, §

# Opinion and Order Denying Dismissal

1. *Background.*

Evan Domanic visited a Christian Brothers store for routine vehicle service. He was impressed by the experience and decided to apply for a Christian Brothers franchise. Around October 21, 2020, Domanic had a phone interview with Brandon Thomas, who asked him if he was a "man of faith."

Suspecting that Thomas was a devout Christian, Domanic replied that he was a man of faith and was Jewish. He asked if his Jewish faith would be a problem or disqualify him from becoming a franchisee. Thomas was adamant that it would not be an issue in the qualifying process. Thomas said that Christian Brothers had hired other people of numerous faiths and some with none at all.

Around October 27, Thomas scheduled a second call to discuss Domanic's financial and credit history. Around a week later, Domanic was asked to fill out a request for consideration from Christian Brothers. On November 5, Thomas told Domanic to submit a background check, personal financial statement, FCRA disclosure, and a Summary of Rights document, which he did.

In the fourth phone call, Thomas said Domanic's finances were "perfect" and that he wanted to set up another phone call and have him meet the Christian Brothers team. Before the scheduled phone call on November 17, Thomas told Domanic that they would not be moving forward with his franchisee application.

Thomas explained that he was the "perfect candidate, personally and financially," but Christian Brothers believed he would not be a good "cultural fit." Domanic asked if the decision was because of his Jewish faith, and Thomas replied that "he didn't even want to make the call" to him. Domanic says that the reason for this must have been racial discrimination.

After having previously been assured that his faith would not be an issue in the process, Domanic says that he was discriminated against based on his race as an ethnic Jew. He says that this was a but-for cause of Christian Brothers unlawful discrimination and seeks relief under 42 U.S.C. § 1981 and the Texas Deceptive Trade Practices Act.

2. *Failure to State a Claim for Relief.*

Under Section 1981, Domanic must show that: (1) he is a member of a racial minority; (2) Christian Brothers intended to discriminate because of his race, and (3) the discrimination concerned one or more of the activities enumerated in the statute, such as the making a contract.[1]

Domanic says that he was unlawfully discriminated against based on his Jewish ethnicity. He says that but-for his ethnicity, he would have been given a Christian Brothers franchise. Christian Brothers moved to dismiss for failure to state a claim.

Domanic clearly satisfies the first element of his Section 1981 claim. As an ethnic Jew, he is a member of a protected racial minority group within the meaning of Section 1981.

3. *Analysis.*

A. *Intent to Discriminate Based on Race.*

To state a claim for relief under Section 1981, Domanic must have pleaded facts of Christian Brothers intentionally discriminating based on his race.

Domanic says that he was discriminated against not because of his Jewish faith but because of his Jewish ethnicity. He says that it is impossible to separate

---

[1] *Perry v. VHS San Antonio Partners*, 990 F.3d 918, 931 (5th Cir. 2021).

his faith from his ethnicity, suggesting that religious discrimination by Christian Brothers, therefore, is racial discrimination under Section 1981.

Christian Brothers says that it discriminated against Domanic because he is *religiously* Jewish. It says that it knew Domanic was religiously Jewish, but not ethnically Jewish. It says that religious discrimination is the most plausible inference for not moving forward and not racial discrimination.

Thomas and Domanic had four phone calls to discuss Domanic's potential licensing of a Christian Brothers franchise. During the first call in mid-October, Domanic voluntarily disclosed that he was Jewish. Thomas replied that his faith would not be an issue in the application process, and that Christian Brothers hired people of numerous faiths. Thomas said that he liked Domanic as a candidate. During the third call, Thomas said that Domanic's finances were "perfect." In the last call, Thomas said that "he was the perfect candidate on paper, personally and financially, but that [Christian Brothers] did not think that he would be a good cultural fit."

Domanic has adequately pleaded facts to suggest that Christian Brothers may have intentionally discriminated against his race as an ethnic jew. After Domanic disclosed that he was religiously Jewish, Thomas either knew or had reason to know that he was ethnically Jewish.

Christian Brothers website says it is devoted to the Christian faith. The allegations taken as true are plausible to support the inference that Christian Brothers may have intentionally discriminated against Domanic based on his race as an ethnic Jew.

B. *Making and Enforcing A Contract.*

To satisfy the third element, Domanic must show that he and Christian Brothers were making and enforcing a contract. "Making and enforcing contracts" means making, performance, modification, and termination of contracts.[2] A contractual relationship need not already exist because Section 1981 protects the would-be contractor along with those who already have made

---

[2] 42 U.S.C. § 1981(b).

contracts.[3] It offers relief when racial discrimination blocks the creation of a contractual relationship.[4]

Domanic adequately pleaded facts that he and Christian Brothers were engaged in contract negotiations. The parties had a series of phone calls to negotiate the possibility of Domanic obtaining a license to a franchise. Domanic says that but-for the alleged racial discrimination by Christian Brothers, he would have entered into contract. This is all that Section 1981 requires. It is plausible that racial discrimination was the but-for cause that blocked the creation of a contract between Domanic and Christian Brothers.

4. *Deceptive Trade Practices Act.*

Christian Brothers moved to dismiss Domanic's claim under the Texas Deceptive Trade Practices Act. Domanic had 21 days to file a response under Local Rule 7.1. He did not respond to Christian Brothers's motion, so he has abandoned that claim.[5]

5. *Conclusion.*

Christian Brothers's motion to dismiss is denied. (6) (12)

Signed on July 15, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge

[3] *Domino's Pizza, Inc., et al., v. McDonald*, 546 U. S. 470, 476 (2006).

[4] *Id.*

[5] Local Rule 7.1; see also *McKenzie v. Principi*, 83 Fed. Appx. 642 (5th Cir. 2003).